**COLUMBUS (City) ex rel. FALTER, Plaintiff-Appellant, v. COLUMBUS METROPOLITAN HOUSING AUTHORITY, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3919—Decided June 15, 1946

Richard W. Gordon, City Attorney, Angus M. Holmes, Asst. City Attorney, Columbus, for Plaintiff-Appellant.

Walter R. Snider, Columbus, John F. Seidel, Columbus, for Relator, Plaintiff-Appellant.

E. W. McCormick, First Asst. City Attorney, Hugh K. Martin, Senior Asst. City Attorney, Columbus, for Defendants-Appellees, City Officers.

William Harvey Jones, Columbus, for Defendant-Appellee, Columbus Metropolitan Housing Authority.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas, Franklin County, Ohio. The action was one for injunction brought in the name of the City of Columbus, Ohio, by the City Attorney of Columbus upon written request of a taxpayer, pursuant to Section 71 of the charter of the City of Columbus.

The petition alleges the corporate existence of the defendant, The Columbus Metropolitan Housing Authority, and the official qualifications of Elmer A. Keller as Director of Public Service, Paul W. Maetzel as Chief Engineer and Roy M. King as City Treasurer, all of the City of Columbus; the passage, by a two-thirds vote of the members of the Council of the City of Columbus, of Ordinance No. 104-46, which is set forth in full in the petition.

Said ordinance authorizes the Director of Public Service to enter into a contract with The Columbus Metropolitan Housing Authority by which the said Authority agrees to install, "maintain and operate" not less than 400 temporary family dwelling units for veterans of World War II on sites to be provided by the City of Columbus in consideration for which the City is to pay the cost of (a) constructing necessary streets and sidewalks; (b) installing or extending utilities, including sewers, water, electricity and gas to the sites selected; (c) the liquidation of annual deficits resulting from the management and improvement of the project; (d) the removal of said temporary housing units. Said ordinance further appropriates the sum of $73,500.00 from public funds to carry out the purposes stated therein. The declared purpose of the ordinance is to provide "temporary housing units for the use of distressed families of returning veterans and servicemen of World War II." The petition further alleges that the City, by condemnation proceedings, acquired an 88.296 acre tract of land in Franklin Township in fee simple for public use for park purposes; that the Council of the City of Columbus, sitting as a committee of the whole, determined to locate 99 housing units on said tract for "the special and private use as residences by veterans of World War II" and 17 units for "the special and private use as residences by veterans of World War II" on Maryland Park owned by the City of Columbus.

The petition further alleges that there is no authority or provision under general law of the State of Ohio, or under the State Housing Law whereby the City of Columbus is authorized to acquire or use said land for the special and private purpose

contemplated in the ordinance and that the use for such lands and any expenditure of funds of the City for such purposes are contrary to law. These allegations are denied by the defendants.

The petition further alleges that the defendants will, unless restrained, proceed to carry out the provisions and purposes of said ordinance and directions of City Council as to location of said housing units. The answer of the City officials alleges that the contract authorized by Ordinance No. 104-46 has been entered into by the parties and that the defendants, unless restrained by the Court, will proceed to carry out the provisions and purposes of said ordinance. The answer of the Housing Authority alleges that the contract authorized by Ordinance No. 104-46 has been duly entered into by the parties, and further alleges that it "will proceed to carry out each and all of the provisions of said contract with the City of Columbus as authorized by Ordinance of the City of Columbus No. 104-46" unless restrained by the Court.

The petition concludes with a prayer for a permanent injunction against the defendants from carrying out the provisions of said ordinance, from the execution or performance of the housing project authorized by said ordinance, including the signing of any contracts, paying out of any funds, issuing of any bonds, commencing or doing any construction work, purchasing any materials in connection with said ordinance, issuing any vouchers or doing anything whatsoever pursuant to said ordinance.

At the hearing of this case the defendants made motions for judgment on the pleadings which were found to be well taken and were sustained.

The arguments made in support of the motions of defendants raised two principal questions of law:

(1) Does the plaintiff have the capacity to maintain the action?

(2) Does the petition state a cause of action against the defendants?

We will consider first the second branch of the motion which concerns itself with the validity of Ordinance 104-46. This ordinance authorizes the contract entered into with the Columbus Metropolitan Housing Authority, one of the defendants herein, and provides for the appropriation of the sum of $73,500.00, to carry out the purposes therein stated; also provides for the construction of the necessary improvements by constructing streets and sidewalks and installing the required utilities. The trial Court found that the City of Columbus had the authority to enact the ordinance because of the power derived from the Home Rule Amendment to the **Ohio Constitution, (Article 18, Sec. 3)** and also because of the State Housing

Law (Sec. 1078-1 to 61a, GC as amended) and particularly because of the Housing Cooperation Law.

We are of the opinion that the trial Court was correct in his conclusions of law which were supported by a most complete, able and thorough opinion some thirty pages in length. Anything we might say as to the validity of the ordinance would be merely a repetition of the opinion of the trial court so the same is adopted as that of our own.

The trial Court found further that the plaintiff had the capacity to maintain the action, but this is no longer material since the validity of the ordinance has been sustained.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.